Thank you. You're welcome. Okay, our final argument of the morning is an appeal number 23 3154. David King versus Universal Health Services. Mr. Morris, good morning. May it please the court. I'm Joseph Morris, counsel for David King, the plaintiff and appellant. I'd like to reserve three minutes of my time for rebuttal, if I may. This case is a double case arising under the Americans with Disabilities Act. I say a double case because the underlying case is an employment discrimination case in which the plaintiff is charging claims sounding under Title VII, Section 1981, ADEA, the Americans with Disabilities Act, and so forth. He is an African-American over the age of 40 with severe mental handicaps, and those mental handicaps are worth laying out because they... Before we go down that path, if you don't mind, I think we need to address jurisdiction. Certainly. All right, and so before we get to the merits, and I'm somewhat concerned if we can, I'm going to take them, what I'm calling King 1 and King 2, all right? And so the case filed in 2018, I'm labeling that as King 1. So from my look at the record, it appears as though the district judge dismissed King 1, and I'm wanting to make sure that I'm not misreading the record. Well, I think that's correct. He dismissed King 1 in the context of saying that the Arbitration Act controlled. The case should go to arbitration, and that was the end of King 1 up to that point. And so that case was over in May of 2022? I think that's right. Okay. All right. And so there was a judgment filed in that case as well. Well then, what happened is after the arbitration award was handed down by the arbitrator, the defendant returned to the court under King 1. Okay. But is King 1 still a case, or has that case been dismissed? Well, I think the view of the defendant was that the desire to enforce the arbitration award revived King 1. I was not sure of that. I wanted to contest the arbitration award, so I filed King 2 as a new action, which in my belief, reading the Arbitration Act is what at least someone standing in my shoes should do, seeking to overturn the arbitration award rather than enforce it. I think Judge Koukouras tried to thread the needle by saying, if King 1 is not alive, King 2 is. I'm consolidating the two cases and considering them together. Did he select a lead case? Because I'm looking at the consolidation order, and it appears as though Judge attempted to place case King 2 into King 1 that had been dismissed. That's an interesting question. In the end of the day, the judgment was entered in King 2. That's where the instrument handed to the clerk, memorializing the outcome of the case, that came down in King 2. For convenience of the parties, I think a lot of the filing was done. Some filing was done in King 2, some filing was done in King 1, because that's where the earlier record had been made. But as the case went along, the two cases were handled simultaneously as a consolidated matter. But the judgment came down under the number of King 2. And so if we accept that King 1, this might be a question for Universal Health Services, if we move to King 2, same question, what is the jurisdictional hook that we have as the appellate court to be able to hear this appeal under King 2? I think King 2 is pretty clear on the timeline for your purposes, Your Honor. King 2 attacked the award. The aggrieved arbitrating party returned to the court to seek a vacation of the arbitration award filing. What is the jurisdictional hook? What gives jurisdiction for the court to be able to vacate the award in the new case? The fact that the court had commanded the arbitration, and that under the Arbitration Act, then the aggrieved arbitrating party returns to that court filing a new action. But now we're asking a contractual question, because from your description, King 1 has been dismissed. You file a new case. And so my question is, what is the basis of jurisdiction in the new case? I think the statute confirms on a party seeking to vacate the arbitration award, the authority to return under the statute. That's the problem. That's the problem. Because under the U.S. Supreme Court decision in Badgerow, you went in, Mr. Morris, with what we're calling King 2, your second action. You went in to vacate the award, right? Yes. Under what, Section 10? Yes. Okay. But we know from the Supreme Court's decision in Badgerow that there is no freestanding federal subject matter jurisdiction conferred by Section 10 of the Arbitration Act. In other words, the look-through jurisdiction that's available under Section 4 is not available under Sections 9 or 10. That's the precise holding of Badgerow. Okay. And so if there's no jurisdiction to begin with in King 2, how can anything be consolidated? So let me give you a step back for a second. Let me give you a different example. Suppose you have Cases A and B. Okay? A has been going along for a while, and Case B gets filed. And the parties stipulate in Case B, there is no Article 3 standing in Case B. The parties just stipulate it. The district court consolidates A and B. How can the consolidation be proper? How can you consolidate a non-case into a case for Article 3 subject matter jurisdiction purposes? Well, that's operating, I guess, on the... Obviously, we can't stipulate away Article 3 jurisdiction. Right. But the problem with King 2, in my view, is you've got a problem under Badgerow, U.S. Supreme Court decision. There was no subject matter jurisdiction in the district court when you filed the motion. Well, let me accept that arguendo with respect to King 2. But to say, with respect to King 1, the dismissal has to be contingent on the possibility that the case will return to the court under the Arbitration Act for purposes of enforcement. Sure, sure, sure. You could have filed a motion to vacate in King 1. It's just not a choice you made. You made a different choice. I made the choice precisely because I understood the Arbitration Act telling me that I needed to file a new petition. I understood the new petition to sound in the sense of filing a fresh action. But I was the one who moved to consolidate the two cases. And I think Judge Kukoras rightly did that. But again, before the consolidation happens, there has to be jurisdiction. That's the hypothetical. Case A, case B. Case B where we stipulate there's no subject matter jurisdiction. Is there diversity? There is no diversity jurisdiction. No, this is purely federal question jurisdiction. And the federal question is? The application of the Arbitration Act and the authority of the court to vacate the arbitration reading the Arbitration Act in conjunction with the Americans with Disability Act. And Badgerow has answered that question. That's where you run up against Badgerow. I mean, for better or worse. I don't see how you can get around it. It's completely controlling upon us. Not with saying the fact that we have the consolidation. You can't consolidate unless you have jurisdiction. We have to get over the jurisdictional hurdle first. Unless you can somehow talk us out of the hypothetical. How do you consolidate case B into case A? Well, do we not by the consolidation, in a sense, revive the case in which the district court has jurisdiction? I suppose for our purposes we could disregard King 2 altogether because we proceed in King 1. And that's my question there is we have a decision that's made July of 2023 and then we have a notice of appeal filed in September, September 11th of 2023. On the basis of the entry of the judgment in the consolidated cases but filed under the number of King 2. But filed beyond the 30 days. Of King 1. But filed following the entry of a judgment in a case that was treated as a consolidated case with King 1. There was no separate proceeding in King 2. The two cases were handled entirely together. And the motion practice and so forth took place. Most of the filing was done in King 1. Judge Koukouras entered his memorandum in King 1 but then ended up entering the judgment in King 2 under that number even though the cases had already been consolidated. So here's the other problem you have. And then we'll hear from Mr. Lane. I'll give you a rebuttal time. Don't worry about that, all right? It's this. If there's no subject matter jurisdiction in the first instance in King 2 because of Badgero, how is there appellate jurisdiction? Well, and my contention, if because of Badgero there's no district court jurisdiction in King 2, there's nothing in fact prohibiting under the section 10 of the Arbitration Act the trial court from reviving King 1. And that's what the trial court did. The action to compel enforcement of the arbitration award was filed in King 1. And I think from the point of view of this court, you could see a perfectly plausible case for saying that what the trial court did was it treated the application to vacate the arbitration award as a response to the motion to compel enforcement. Yeah, I think that's probably the best you can do. In other words, what you're saying is don't look at it formally like our questions are suggesting. Look at it functionally. I think that's fair. Yeah, I think that's the best you can do with it. Do you want to hear anything about the substance? Do you want to go on to hear from the… Well, the jurisdiction's concerning here. I think the substance has been briefed, but the jurisdictional issues are serious. I mean, U.S. Supreme Court's made them that way. Fair enough. All right, let's hear from Mr. Layton and we'll come back to you. Thank you. All right. Good morning. Good morning. May it please the court. Chad Layton. I represent the respondent. I was actually planning on just jumping into the merits, but… Why do we have jurisdiction in this case? I thought you might ask me that. I guess… Yeah, I'm really surprised that you're… I mean, I'll say this. I'm really surprised to see your amended… your filings on jurisdiction. My position, really, and my client's interests, obviously, are to ensure that the arbitration award is not vacated. Yeah, you want to win on the merits rather than on jurisdiction. Well, I guess I looked at it in the way that Your Honor was addressing it at the end of the discussion with counsel more in a functional way. But I have an order that the judge enters on May 13, 2020, and he says, because the claims are subject to valid and enforceable arbitration agreement, retaining jurisdiction and staying in this case serves little purpose. It is a waste of judicial resources. This case is dismissed and then enters a judgment. How did the filing of the petition to confirm the arbitration agreement revive original jurisdiction? Well, we did cite cases in our brief discussing the fact that there is, as I recall, federal jurisdiction to confirm arbitration awards, which is what we were doing. What I'm asking is… That's my answer, and maybe it's not a great answer, and I guess it doesn't directly address your questions. I haven't finished my question. Oh, excuse me. That's fine. And so I see that in your brief, all right? And so where I'm trying to get pointed to answer is we have several cases that say a court can retain jurisdiction. And when a motion to confirm arbitration, we reach back to that original jurisdiction, which was at that time federal question jurisdiction, the ADA claims, the merits. And so do we have that here? And if so, can you tell me why? I guess, again, I look at it functionally. And if the language of that order, the order you mentioned was to completely dismiss the case, I appreciate your point. It's well said functionally, and to me it seemed appropriate to file the petition to confirm the award with the same judge who had initially heard the case just for functional purposes. And what would be the basis of jurisdiction? Just the original petition that was filed, the federal question petition, and then the cases that discuss federal jurisdiction to allow for confirmation of arbitration decisions like this one. What do we do with the Smith case, the Supreme Court case that says no longer when you're to stay versus the discretion district judges had as to whether or not you're going to dismiss it while they go arbitrate, or do you have to stay it? And so the Supreme Court has now answered that question. Again, I think I'll probably just return to the same point about functionality. And I guess I'm at a loss as to why the district court didn't address this issue. And frankly, I'm not sure how we would have handled it had it been done at the district court level. But just from a functional perspective, you know, we just filed a petition in the same case, and for the reasons I've already stated. In order for the notice of appeal to be timely, we have to find that the anchor cannot be the July date. It has to be the date of the judgment in King 2. Yes, I would agree. And you may recall I actually filed a motion to dismiss the appeal early on, and that motion, of course, was denied, as you know. And when I filed that motion to dismiss, you know, I really was looking at the substance of the initial order, and I realized that counsel did file the notice of appeal within 30 days of a document that was labeled final judgment in King 2. But as I, you know, articulated in the motion to dismiss, I thought what he was really doing was appealing the earlier judgment that had been entered really in King 1, and was therefore untimely. But the court, of course, disagreed with my argument on that point. Was there subject matter jurisdiction in King 2? You know, again, and I was waiting for a question, expecting you would go back to that. I agreed with counsel and just looked at it as his petition in King 2 was really the opposite side of the coin of what I filed in King 1. I didn't square it with Badgero. I mean, the court there held . . . I mean, it's a very, very similar fact pattern. It's not this consolidation one case, two case business, but the question is look through jurisdiction. It's available under Section 4. Is it available under Sections 9 and 10? I'm just going to . . . The court said no, it's not. The court, of course, on that point, I'm really not going to make a strong case for why King 2 has jurisdiction other than what I've already said. And if the court's decision here today is that there's no jurisdiction and the case should be dismissed, that's fine with me. I mean, frankly, I mean, I was arguing the merits in the brief as you saw, but I don't think it's certainly my position or my place on behalf of my client to establish why. So the reason that we're spending so much time on this is not to have a big academic debate. It's because the same Supreme Court that decided Badgero decided a case called Steel Company, okay, about 20 years ago now. And in Steel Company, they told us in no uncertain terms that you can not, like all caps, can not reach merits issues unless you have subject matter jurisdiction. That is as clear as day. And we're a lower federal court. We have to follow that. And so, unless we're convinced that we have authority to act as a court of limited jurisdiction, we can't get to the ADA. I have no problem with that. I know. I'm trying to get you. The reason we're asking, we got to work through this though. Right. I just, I don't see how there's jurisdiction in King 2 at all. I guess, and not to belabor it, but I would just go back to the same point that I've already made a couple of times, and if that doesn't carry water. No, I mean, I thought what you all would say is that we weren't thinking about this. We weren't thinking about jurisdiction in formal jurisdictional terms. We were thinking about it functionally from the standpoint of what was happening in the district court. Yes. And nobody kind of paused on what now probably sound to you like pedantic formalities. But they're not. I completely agree. And I guess in retrospect, we probably should have taken a closer look at that in front of the district court, and we didn't. But the timing of the filings, as I recall, King 2 was filed first before my petition was filed in King 1. And I didn't even know, just so you know, I didn't even know King 2 had been filed until I had already, I had been served with it until King 1 was filed. And I just always viewed it as basically their case, King 2, was really just a response to my case in King 1. That's how I viewed it practically and functionally speaking. Yeah, it makes sense because you wanted the arbitration award confirmed. Yes. And you say, well, just flip the coin over. He wants it vacated. It's the same thing. And I think, you know, we had in our conferences with the district court judge, that's kind of how it went. We went first with our briefing. I think we each had two rounds of briefs, if I recall. And it was just kind of, you know, mirror images of the same sort of thing. That's how we proceeded. Yeah, no, I think we can, I think we have, all of us, we've reconstructed how it happened. Now the question is we've got to figure out what we can do and what we can't do. Understood. But that's why we've got to go to work after the argument. All right. Anything further? You know, I guess I do want to just pick up on one thing that counsel said in his opening statement. Setting aside the jurisdictional issue for a minute and just briefly touching on the merits, you know, counsel pointed out that Mr. King did a masterful job in litigating the case. And I think what they're trying to do on the merits of the case is establish something that just simply does not ring true with the evidence. In other words, I think they're trying to establish that Mr. King, who of course suffered from a mental illness, that this somehow prevented him from competently advocating for himself, and there's just no evidence of that. I think they're trying to make this into a case where they're suggesting or arguing that Mr. King was bamboozled or somehow taken advantage of because of his condition. And respectfully, there is zero evidence of that. There was no evidence that was withheld from him. There was nothing he was precluded from doing at the arbitration or afterwards. And as you saw from the record, I think everything in the transcript and in the briefs establishes that Mr. King was more than competent and able to handle this case. So I think that the merits of their argument just do not hold up. So thank you. You're welcome, Mr. Lillian. Mr. Morris, we'll give you a minute. Thank you, Your Honor. May it please the Court. That is precisely the debate I thought we were going to have today. And I was going to invoke the name of Judge Easterbrook in that debate to beg you please to go find Frank Easterbrook and get that little ruler he keeps in his pocket that he pulls out to measure the typefaces and the font sizes and the line spacing of briefs. Every lawyer in this circuit has faced the ire of Judge Easterbrook and that ruler, and apply that ruler to the arbitration agreement that my client was forced to sign that's kind of the heart of the merits of this discussion. But the name of Judge Easterbrook returns in the second case because it was Judge Easterbrook who decided the motion to dismiss on jurisdictional grounds here. And I think further reconstructing how counsel has approached this matter, I think that lulled us on the jurisdictional question that you are now raising because Judge Easterbrook did what Judge Koukouras did was he conflated the two cases and said that Judge Koukouras' memorandum of opinion naturally led to the formal entry of the judgment, and it's the formal entry of the judgment that controls the clock, and this appeal was brought in good time under the entry of that judgment, thus treating King I and King II as if both of them belong in that court and in this court. Now this court, just last year you decided the Kinsella case where you're playing with these issues and drawing some distinctions and so forth. My recommendation is, this seems to be my refrain in every aspect of this case, send us back for a mulligan. Send us back for a redo. Why don't you have us now, now that we understand the issue that's bothering you, why don't you assign us to do a second round of briefing on this jurisdictional issue now that we understand exactly how you're seeing this? Okay. We'll think about that. We appreciate it, Mr. Brown. May I make that as an oral motion? I move that you grant that relief to both sides and we would brief you very, very quickly on those issues. We understand. We appreciate it very much. Thanks to both counsel. We'll take the appeal under advisement.